MARVIN, Judge.
Defendant was convicted by a jury of the theft of copper wire valued in excess of $100 and was sentenced to two years at hard labor to run consecutive to a nine year sentence he was then serving for a burglary. In this appeal he contends that his sentence is constitutionally excessive. LSA-Const. Art. 1, § 20. CCrP 894.1.
The 28-year-old defendant’s rap sheet is in the record. He admits and is shown to have three prior felony convictions and a record as a juvenile offender. The trial court noted that the offense was committed while the defendant was incarcerated on the burglary conviction, that defendant had a criminal record from the time he was a juvenile, had shown a total disregard for the norms of society, and had shown no indication that he could be rehabilitated. Defendant was not eligible for probation or suspension of sentence. CCrP 893. Under these particularized circumstances, this record clearly illumines the sentencing factors considered by the trial court and supports the sentence. Justification for the consecutive sentence is shown by the record and was articulated by the trial court. State v. Messer, 408 So.2d 1354 (La.1982). The failure of the trial court to mechanically check off and mention the CCrP 894.1 mitigating factors is not fatal in this instance.
AFFIRMED.